SHOVE, Appellant, vs. SHOVE, Respondent.

*March 23 — April 9, 1891.*

*Life insurance: Pleading and evidence: Address to jury: Costs.*

1. In an action upon a life insurance policy, by the beneficiary named therein, claiming to be owner and entitled to the proceeds, the insurance company was discharged on paying the money into court, and the widow of the assured, as devisee of the policy, was made a party; and she in her answer alleged that the plaintiff only held the policy as collateral security for certain notes, which notes had been paid and surrendered. *Held,* that the plaintiff's reply that he held the policy also as security for further indebtedness was not inconsistent with his claim of absolute ownership, and that he should have been permitted to show the amount of such additional indebtedness.

2. To permit defendant's attorney, in his opening address to the jury, to read to them a portion of the decedent's will, in which he states that such notes had been paid and that he owed the plaintiff nothing, and that plaintiff had no right to hold the policy, was error calculated to injure the plaintiff.

3. A brief which is very long, and only about one third of it occupied by the assignment of errors and argument, and the remainder filled with matters which were printed in the case or unnecessary to be inserted, was ordered to be taxed at only one half the expense of printing.

APPEAL from the Circuit Court for *Milwaukee* County.

This action is upon an insurance policy on the life of one Don A. Shove, expressed therein to be for the sole use and benefit of *Theodore C. Shove*, the plaintiff. Don A. died May 25, 1885, testate. By his last will and testament he bequeathed the proceeds of such policy to his wife, the defendant, who is his widow and executrix of his last will and testament. The amount due on the policy is a little less than $400.

The action was originally brought against the insurance company alone. The company answered, admitting its liability, and alleging that the defendant *Martha Shove* claims the insurance money. Therefore she was made a defendant in the action, the insurance company paid the amount due on the policy into court, and the action was dismissed as to the company.

The complaint is not found in the record, but it is gathered from the arguments that it alleges the plaintiff is the owner and holder of the policy, and entitled to the proceeds thereof. The defendant alleges in her answer that the policy was made payable to plaintiff for the sole purpose of securing the payment of three promissory notes given him by Don A.; that such notes were fully paid by Don A. in his lifetime, thus extinguishing the plaintiff's interest in the policy; and that by his last will, which has been duly probated, Don A. bequeathed such policy, and the proceeds thereof, to her. These matters were pleaded as a counterclaim, and judgment demanded that she is entitled to the money thus paid into court by the insurance company. Plaintiff interposed a reply to such counterclaim, admitting that the policy was made payable and delivered to him as collateral security, not only for the three notes mentioned, but also for any other amounts owing by Don A. to him, and that at all times since 1874 Don A. was indebted to him more than is due on the policy. It is

further alleged in the reply that, at a time when a large sum was due and unpaid on the three notes, plaintiff surrendered such notes to Don A., in consideration whereof the latter relinquished to plaintiff all interest in or right to redeem or dispose of the policy.

It is undisputed that the policy was made payable to plaintiff as collateral security for the payment of the three notes and such other items of indebtedness as may be due him from Don A. On the trial the court submitted to the jury the specific question whether Don A. surrendered to plaintiff his interest in the policy, and right to dispose of it, as alleged in the reply. The jury answered the question in the negative. As a corollary to this finding, the jury found that defendant *Martha* is rightfully entitled to the proceeds of the policy thus paid into court by the insurance company. The jury were directed so to find if they answered the preceding question in the negative. The case is further stated in the opinion.

A motion by plaintiff for a new trial was denied, and judgment for defendant entered awarding to her the money thus paid into court. Plaintiff appeals from the judgment.

For the appellant there was a brief by *G. G. Sedgwick* and *W. A. Walker*, and oral argument by *G. G. Sedgwick*. They argued that the defendant was estopped from objecting that plaintiff's reply setting up his claim to hold the policy as security for existing indebtedness is inconsistent with that of the original complaint, by not having raised the objection by demurrer or otherwise. *Jewett v. Locke,* 6 Gray, 233; *Lyons v. Ward,* 124 Mass. 364; *Bruce v. Burr,* 67 N. Y. 240. The pleadings were not inconsistent. Boone, Code Pl. sec. 78; Moak's Van Santvoord's Pleading, 597, 598; *Hollenbeck v. Clow,* 9 How. Pr. 289; *Ostrom v. Bixby,* id. 57; *Stiles v. Cumstock,* id. 48; *Springer v. Dwyer,* 50 N. Y. 19; *Citizens' Bank v. Closson,* 29 Ohio St. 78; *Ormsby v. Douglass,* 5 Duer, 665. The reading of

the decedent's will to the jury strongly prejudiced their minds, and was error.

For the respondent there was a brief by *Turner & Timlin*, and oral argument by *W. J. Turner*. To the point that the pleadings of a party must not be inconsistent they cited *Campbell v. Mellen*, 61 Wis. 612; *Cook v. Finch*, 19 Minn. 407; *Derby v. Gallup*, 5 id. 119; Moak, Pl. 595; Bliss, Code Pl. secs. 342, 343.

LYON, J. This is a contest between two adverse claimants of a fund in court which belongs to one or the other of them. When the plaintiff introduced the policy in evidence, which by its terms was payable to him, he made a *prima facie* case entitling him to the proceeds thereof, theretofore paid into court by the insurance company. But the defendant *Martha*, the executrix and legatee of Don A., introduced testimony tending to show that the indebtedness of Don A. to plaintiff, secured by the policy, had been fully paid. It being undisputed that the policy was made to plaintiff as collateral security, proof of full payment of the indebtedness secured by it would, in the absence of any further proofs, demonstrate that defendant is entitled to such proceeds, and would thus defeat the plaintiff's claim thereto. To meet this proof of defendant, the plaintiff introduced testimony tending to show the absolute relinquishment to him, by Don A., of the policy, and the right to dispose thereof. The plaintiff also offered testimony which would or might have proved, or tended to prove, that Don A. owed him money other than the amount of the three notes, exceeding the proceeds of the policy, for the payment of which he held the policy as collateral security. Objection was made to this testimony, and the objection was sustained by the court. The testimony was ruled out, on the ground that, the plaintiff having given evidence of his unconditional ownership of the policy, it would be incon-

sistent therewith to permit him to claim that he still held the policy as collateral security.

We think the ruling was erroneous. No inconsistency is perceived in the two claims. Propositions are inconsistent when proof of one necessarily disproves the other. But proof that plaintiff was the unconditional owner of the policy does not disprove that Don A. was indebted to him over and above the indebtedness on the three notes. If his testimony failed to prove such unconditional ownership of the policy (and the verdict shows that it did so fail) he still held the policy as collateral security under the original agreement, and no good reason is perceived why he should not be permitted to show, if he can, that a portion of the indebtedness to which the policy is collateral has not been paid. The effect of the ruling of the court was to compel plaintiff to elect upon which of the two grounds he would rely, but such election cannot properly be required unless the grounds are inconsistent with each other. For the same reasons the offered testimony was not inconsistent with or a departure from the allegation of the complaint (if it contains such allegation) that the plaintiff is the owner and holder of the policy. Were the plaintiff relying exclusively upon holding the policy as collateral security, this would be correct pleading, for until all such indebtedness is paid he has the legal title thereto, and may maintain an action upon it in his own name. Many authorities sustaining these views are cited in the brief of counsel for plaintiff. Indeed, the law on these subjects is quite elementary. For the error in excluding the above-mentioned testimony offered by plaintiff the judgment must be reversed.

The record discloses another error. In opening the case to the jury, counsel for defendant was allowed, against objection by plaintiff, to read, and did read, a portion of the will of Don A. Shove in which it was stated that the three notes to plaintiff had been paid, that he owed plaintiff noth-

Shove vs. Shove.

ing in 1873 and 1874, and that the latter had no right to retain the policy.    This was not competent evidence, and the court so held when the will was offered in evidence.    The reading of it to the jury might have prejudiced the plaintiff, for it placed before them, surreptitiously, the testator's version of· the matter, which was hostile to plaintiff's claim, and the plaintiff was not a competent witness in his own behalf to disprove it.    Whether this error is of itself sufficient to work a reversal of the judgment it is unnecessary to determine.

Numerous other errors are assigned, but it is deemed unnecessary to determine them on this appeal.

The printed brief of counsel for plaintiff contains seventy pages, only eighteen of which are occupied with the assignments of error and argument.    It contains the instructions proposed on behalf of plaintiff, and the charge of the court in full, occupying sixteen pages, all of which are printed in the case.    It was entirely unnecessary to duplicate them in the brief.    The balance of the brief is made up largely of copious extracts from the testimony, instead of an abstract thereof, which is all that is required.    Moreover, the exceptions of plaintiff to the refusal of the court to give the instructions proposed by him, and to the charge of the court, are inserted in the printed case in full, covering several pages.    This is cumbersome and unnecessary.    Exceptions may always be very briefly indicated in· the case, and when taken to the charge are best indicated by inclosing in brackets each portion excepted to.    We deem it our duty to direct the clerk to allow in the taxation of costs for printing but thirty-five pages of plaintiff's brief.

*By the Court.*— The judgment of the circuit court is reversed, and the cause will be remanded for a new trial.